IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00197-KDB-DCK

| | |
|---|---|
| KEITH BALDWIN JR., **Plaintiff,** v. JAMEY FLETCHER AND MAIDEN POLICE DEPARTMENT, **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Maiden Police Department's Motion to Dismiss (Doc. No. 4). The Court has carefully considered this motion and the parties' memoranda, responses and exhibits in support and in opposition.[1] As explained below, because the Maiden Police Department ("MPD") is not a cognizable legal entity capable of being sued, the Court will **GRANT** the motion and dismiss MPD as a defendant.

## I. LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

---

[1] Given the clarity of the issues before the Court, this matter is ripe for the Court's ruling in advance of a reply from the Defendants.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *see Twombly*, 550 U.S. at 555 (A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements."). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted). In other words, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that on July 7, 2021, Captain Fletcher of the Maiden Police Department gained entry to his property without a warrant and without his consent. (Doc. No. 1, ¶ 11). During this entry, Plaintiff alleges that Captain Fletcher and another officer restricted his movement in his property and began interrogating him without issuing his Miranda warning. (*Id.* at ¶ 13). Further, as a result of the questioning, Plaintiff surrendered a firearm owned by the mother of his child to

2

Captain Fletcher. (*Id.* at ¶¶ 14-15). Overall, Plaintiff alleges the investigation on his property lasted six hours and included an "un-Constitutional interrogation," "un-Constitutional restriction of Plaintiff's Right to move freely about his property," and that such action "constituted a 'Summary Arrest' of Plaintiff." (*Id.* at ¶¶ 16-17).

Plaintiff filed his Complaint related to this incident on December 13, 2023. (*Id.*). In his Complaint, he names Maiden Police Department and Captain Jamey Fletcher as Defendants and alleges the Defendants are liable to him for (1) a violation of the Civil Rights Act of 1964, 42 U.S.C. Section 1983; and for (2) violations of Plaintiff's rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. (*Id.*).

### III. DISCUSSION

Defendant MPD's Motion to Dismiss is straightforward, asserting as a threshold argument that the Complaint fails to state a claim against MPD because it is not a cognizable legal entity subject to suit. The Court agrees. Plaintiff cannot sue the MPD as a separate entity. *See Hampton-Bey v. Hayes*, No. 523CV00028KDBSCR, 2023 WL 7311206, at *2 (W.D.N.C. Nov. 6, 2023) (citing *Coleman v. Cooper*, 89 N.C. App. 188, 192, 366 S.E.2d 2, 5 (1988) (holding that a police department may not be sued because "there is no statute authorizing suit against a police department")).

More specifically, in order to successfully allege a violation of 42 U.S.C. § 1983, Plaintiff must show that a "person" acting under the color of state law violated his constitutional rights. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke Cnty.*, 660 F.2d 111, 114 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)); *see also Smith v. Munday*, 848 F.3d 248, 256–57 (4th Cir. 2017); *Wesley v. Charlotte-Mecklenburg Cnty. Police Dep't*, No. 319CV00425FDWDCK, 2020

3

WL 5822216, at *4–5 (W.D.N.C. Sept. 30, 2020). In North Carolina, in the absence of a statute, "the capacity to be sued exists only in persons in being." *McPherson v. First & Citizens Nat. Bank of Elizabeth City*, 81 S.E.2d 386, 397 (N.C. 1954). Therefore, departments of municipalities are not susceptible to suit without statutory authorization. *See Martin v. Mecklenburg Cnty. Park & Recreation Dep't*, 2006 WL 3780418 at *2 (W.D.N.C. Dec. 20, 2006) (departments of cities cannot be sued alone). So, "under North Carolina law, police departments cannot be sued as entities." *Smith*, 848 F.3d at 256–57 (4th Cir. 2017) (citing *Ostwalt v. Charlotte–Mecklenburg Bd. of Educ.*, 614 F.Supp.2d 603, 607 (W.D.N.C. 2008)); see also *Moore v. City of Asheville*, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), *aff'd*, 396 F.3d 385 (4th Cir. 2005) (holding in a § 1983 case that "under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued."); *Wilson v. Fayetteville Police Dep't*, 2014 WL 555663 (Feb. 11, 2014) (dismissing § 1983 action for failure to state a claim upon which relief can be granted because the Fayetteville Police Department is not an entity capable of being sued.").[2]

In sum, Plaintiff's claims against the MPD must be dismissed because it lacks the legal capacity to be sued.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant MPD"s Motion to Dismiss is **GRANTED**;

2. Defendant MPD is dismissed as a Defendant in this matter; and

---

[2] Similarly, neither a Sherriff's Department nor a "Jail" can be sued. *Landry v. North Carolina*, 2011 WL 3683231, *report and recommendation adopted*, 2011 WL 3682788 (W.D.N.C. Aug. 23, 2011) (North Carolina sheriff's departments are not legal entities under North Carolina law capable of being sued); *Cherry v. Mecklenburg County Jail, et al.*, 2011 WL 3322799, at *1 (W.D.N.C. Aug. 2, 2011) ("The Mecklenburg County Jail is not a 'person' subject to suit under 42 U.S.C. § 1983.")

3. This case shall proceed to a resolution on the merits of Plaintiff's remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 21, 2024

Kenneth D. Bell
United States District Judge