# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:23-CV-197-KDB-DCK

| | |
|---|---|
| KEITH BALDWIN, JR., | ) |
| Plaintiff, | ) **ORDER** |
| v. | ) |
| JAMEY FLETCHER, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Leave To Amend Complaint" (Document No. 24) filed July 2, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion to amend, and direct that the pending motions for default and to dismiss be <u>denied</u> as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).

## DISCUSSION

The undersigned notes that Plaintiff Keith Baldwin, Jr. ("Plaintiff" of "Baldwin") is appearing in this action without the assistance of counsel. Based on *pro se* Plaintiff's motion and

Fed.R.Civ.P. 15, and in the interests of efficient case management and judicial economy, the Court will allow the motion to amend without further delay. Furthermore, the undersigned will direct that Plaintiff's "Motion For Entry Of Default" (Document No. 17), Plaintiff's "Motion For Entry Of Default Judgment" (Document No. 18), and "Defendant Jamey Fletcher's Motion To Dismiss Plaintiff's Complaint" (Document No. 22) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendant contends the Amended Complaint is deficient, this Order is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint. Plaintiff is respectfully advised that further amendments are unlikely to be allowed

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Leave To Amend Complaint" (Document No. 24) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **July 19, 2024**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion For Entry Of Default" (Document No. 17) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion For Entry Of Default Judgment" (Document No. 18) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Defendant Jamey Fletcher's Motion To Dismiss Plaintiff's Complaint" (Document No. 22) is **DENIED AS MOOT**.

<u>The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff by certified U.S. Mail, return receipt requested</u>.

**SO ORDERED**.

Signed: July 8, 2024

David C. Keesler
United States Magistrate Judge