IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00197-KDB-DCK

| | |
|---|---|
| **KEITH BALDWIN JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**JAMEY FLETCHER,**<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Jamey Fletcher's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 30). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the motion.

## I. LEGAL STANDARDS

### A. Rule 12(b)(1)

The Plaintiff bears the burden of proving that subject matter jurisdiction exists. *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.*

### B. Rule 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), Plaintiff bears the burden of establishing proper process and proper service of process. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). A summons must be issued and served in accordance with the Federal Rules of

1

Civil Procedure before a federal court may exercise personal jurisdiction over a defendant. *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). When process or service of process is deficient, dismissal is proper under Rule 12(b)(2) for lack of personal jurisdiction. *See, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

### C. Rules 12(b)(4) and (12)(b)(5)

Prior to the exercise of personal jurisdiction, Plaintiff must satisfy the procedural requirement of service of a summons. *Omni Capital Int'l, Ltd., supra* at 104; *see also ESAB Grp., Inc. v. Centricut, Inc.,* 126 F.3d 617, 620 (4th Cir. 1997) ("a federal court's exercise of jurisdiction over a person is closely linked to effective service of process."). "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons." *Id*.

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or form of the process itself, while a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of service of process. *See* Fed. R. Civ. P. 12(b)(4), (b)(5). In essence, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. *See, e.g.*, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

Once the sufficiency of process or service of process is challenged by a motion to dismiss, Plaintiff bears the burden of establishing process was sufficient and service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Scott v. Md. State*

2

*Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (*per curiam*) (internal citation omitted); *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003).

### D. Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *see Twombly*, 550 U.S. at 555 (A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements."). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery

is very remote and unlikely." *Id.* (internal citation and quotation marks omitted). In other words, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Finally, Plaintiff is appearing *pro se*. A *pro se* complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement does not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## II.   FACTS AND PROCEDURAL HISTORY

At the time of the events which are the subject of this action, Plaintiff operated a martial arts school in Maiden, North Carolina. (Doc. No. 26 (First Amended Complaint ("FAC")) at p. 3, ln. 12-14). Plaintiff alleges that on July 7, 2021, Jamey Fletcher, the captain of the Maiden Police Department, entered the property without a warrant and without his consent. (*Id.* at ln. 23-25). Captain Fletcher informed Plaintiff, who was a convicted felon, that an unidentified neighbor had reported he had a gun on the premises. (*Id.* at p. 4, ln. 1-2). During this visit, Plaintiff alleges that Captain Fletcher and another officer began interrogating him without issuing a Miranda warning. (*Id.* at ln. 3-8). Further, as a result of the questioning, Plaintiff surrendered a firearm owned by the mother of his child to Captain Fletcher. (*Id.* at ln. 9-13). Plaintiff claims he was not free to move

4

about his property or leave the premises for the entirety of the search and interrogation, (*id.* at ln. 23-24), but acknowledges that he was not arrested on July 7, 2021.

Overall, Plaintiff alleges that a "warrantless" search and seizure on his property lasted seven hours. (*Id.* at ln. 14-22). However, contrary to Plaintiff's allegations, Captain Fletcher did in fact obtain a search warrant for the property on July 7, 2021. (*See* Doc. No. 30-4).[1] The warrant states that probable cause existed to believe a firearm, ammunition, and a video camera system at the premises constituted evidence of the crime of possession of a firearm. *Id*. Numerous items were taken from Plaintiff's business pursuant to the warrant. *Id*. Plaintiff further alleges that Captain Fletcher and others conducted unlawful interrogations, seizures and other interactions on July 8, 2021; an unknown date in 2022; May 10, 2022; May 25, 2022 and "throughout this period" at both Plaintiff's business and at the police station. *See* FAC at pp. 5-8.

As a result of the various investigations and evidence seized, Plaintiff was eventually arrested by North Carolina authorities and charged with two counts of first-degree sexual exploitation of a minor, two counts of second-degree sexual exploitation of a minor, and one count of possession of a firearm by a felon. (Doc. No. 30-3). On August 17, 2023, Plaintiff entered an *Alford* guilty plea in Catawba County North Carolina Superior Court to three counts of third-degree sexual exploitation of a minor and three counts of secret peeping. *Id*.

---

[1] Plaintiff's FAC alleges that Captain Fletcher did not have a warrant on July 7, 2021. The Court may consider documents extrinsic to the Complaint if they are "integral to and explicitly relied on in the complaint and… are authentic." *See Robinson v. Am. Honda Co.,* 551 F.3d 218, 222-23 (4th Cir. 2009). Plaintiff has not challenged the authenticity of the warrant filed with the Court, although in his briefs he attacks the warrant and/or claims the search was warrantless. The Court will take judicial notice of the filed warrant as a public record integral to the claims in the FAC. *See* N.C. Gen. Stat. § 132-1.4.

Plaintiff filed his Complaint in this action against the Maiden Police Department[2] and Captain Fletcher on December 13, 2023. Plaintiff attempted to serve Captain Fletcher with a Summons and copy of the Complaint on January 17, 2024, by delivering a copy of the Complaint and Summons addressed to "400 E. Main St., Maiden, NC 28650" and leaving it with an individual named "Kelly Carol" at the Maiden Police Department. (Doc. Nos. 2, 3). On June 25, 2024, Captain Fletcher moved to dismiss the Complaint pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. Nos. 22, 23).

On July 2, 2024, Plaintiff filed a Motion for Leave to Amend his Complaint, (Doc. No. 24), which was granted. (Doc. No. 25). Plaintiff then filed the FAC, alleging that Captain Fletcher is liable for: (1) Violation of Plaintiff's Fourth Amendment Rights under 42 U.S.C. § 1983; (2) Violation of Plaintiff's Fifth Amendment Rights under 42 U.S. § 1983; (3) Violation of Plaintiff's Fourteenth Amendment Rights under 42 U.S. § 1983; (4) False arrest/imprisonment; and (5) Intentional infliction of emotional distress. (Doc. No. 26). Plaintiff pleads subject matter jurisdiction based on the Court's federal question and civil rights jurisdiction, 28 U.S.C. § 1331 and 28 U.S.C. § 143(a)(3). On July 31, 2024, Plaintiff attempted to serve Captain Fletcher with a new Summons by leaving a single-page document, entitled "Summons In a Civil Action" and addressed to "Jake W. Stewart and Kayla N. McDaniel, Attorneys for Defendants 2907 Providence Road, #200 Charlotte, NC 28211" with the law firm receptionist, Nancy Smith. (Doc. No. 27; Doc. 30-2). Plaintiff later delivered a copy of the FAC, without a Summons, again to Defendant Fletcher's law firm's receptionist Ms. Smith, on August 9, 2024. (Doc. No. 30-2).

---

[2] The Maiden Police Department's subsequent motion to dismiss the Complaint against it was granted based on the Court's ruling that it was not an entity that could be sued. *See* Doc. No. 13.

## III. DISCUSSION

In summary, Captain Fletcher argues that this action should be dismissed because: (1) this Court lacks personal and subject matter jurisdiction over Defendant based on Plaintiff's failure to serve him in accordance with the Federal Rules of Civil Procedure; (2) Plaintiff has failed to state a claim upon which relief can be granted as to all of his federal constitutional claims; and (3) Captain Fletcher is entitled to immunity for the claims made by Plaintiff in this action. While the Court agrees that Captain Fletcher has not been properly served, *pro se* Plaintiff Baldwin made a good faith attempt at service so dismissal of the action on that ground is not permitted under Fed. R. Civ. P. 4(m). However, on the merits, the Court finds that Plaintiff has failed to state a constitutional claim and Captain Fletcher would, in any event, be entitled to immunity against Plaintiff's claims. Therefore, all of Plaintiff's federal claims will be dismissed. The Court will also dismiss Plaintiff's state law claims for which the Court lacks independent subject matter jurisdiction.

### A. Service of Process (Rules 12(b)(2), 12(b)(4) and 12(b)(5))

While Plaintiff is proceeding *pro se*, he must comply with the Federal Rules of Civil Procedure. *See Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 149–52 (1984). Absent waiver of service of process or consent, the failure to obtain proper service of process – even if the defendant gains actual notice – deprives the court of personal jurisdiction over a defendant. *See, e.g., Koehler v. Dodwell,* 152 F.3d 304, 306 (4th Cir.1998); *FDIC v. Schaffer,* 731 F.2d 1134, 1135–36 (4th Cir.1984); *Thomas & Howard Co. v. Trimark Catastrophe Servs.,* 564 S.E.2d 569, 572 (2002) ("While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the

7

party."). Plaintiff contends that he properly served Defendant Fletcher by delivering a copy of the original Summons and Complaint to someone named "Kelly Carol" at the Maiden Police Department and the FAC to the receptionist at Defendant Fletcher's law firm. However, neither means of service is effective to serve Defendant Fletcher individually.

Defendant Fletcher is sued in both his individual and official capacity. A federal plaintiff may serve process on a defendant sued in his or her individual capacity by delivering a summons and complaint to the individual personally, by leaving a summons and complaint at the individual's house or other place of abode with someone of suitable age and discretion who resides there, by serving the individual's authorized agent, or by serving the individual in compliance with the law of the state where the federal court is located. *See* Fed.R.Civ.P. 4(e). North Carolina law authorizes service on a natural person by personal delivery, leaving copies at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, delivery to an agent authorized by appointment or by law to be served or to accept service of process or by registered, certified or signature confirmed mail or a designated delivery service. *See* N.C. R. Civ. P. 4(j)(1). Similarly, a "political subdivision of the State, any county or city board of education, or other local public district, unit, or body of any kind" may be served (i) by personally delivering a copy of the summons and of the complaint to an officer or director thereof, (ii) by personally delivering a copy of the summons and of the complaint to an agent or attorney-in-fact authorized by appointment or by statute to be served or to accept service in its behalf, (iii) by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director, agent, or attorney-in-fact as specified in (i) and (ii), or (iv) by depositing with a designated delivery service authorized pursuant to 26 U.S.C. §

8

7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, agent, or attorney-in-fact as specified in (i) and (ii), delivering to the addressee, and obtaining a delivery receipt. *See* N. C. R. Civ. P. 4(j)(5)(c).

Plaintiff's attempts at service of the Complaint and FAC do not fall within any of the circumstances of service authorized under either federal or North Carolina law. Leaving a copy of a summons and complaint with someone of suitable age and discretion at a person's place of business is not equivalent to service at an individual's residence. *See Greenup v. Register*, 410 S.E.2d 398, 400 (1991) (jurisdiction was not obtained over defendant where evidence established that the place of service was defendant's place of business and not a place of residence). Nor has Plaintiff shown that either "Kelly Carol" or Defendant Fletcher's law firm were "authorized by appointment or by statute to be served or to accept service in his behalf." Therefore, Plaintiff has not properly served Defendant Fletcher.

However, in keeping with the overriding interest in elevating substance over form and deciding cases on the merits, Fed. R. Civ. P. 4(m) provides that if the plaintiff shows good cause for his failure to serve a defendant within 90 days after the complaint is filed then the "court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, the Court finds that the *pro se* Plaintiff's attempts to serve Defendant Fletcher at the Maiden Police Department and at his attorneys' offices reflects a good faith and reasonable effort at service, even though those efforts don't comply with the rules. Therefore, the Court may not dismiss this action based on Plaintiff's failure to properly serve Defendant Fletcher. Rather, if Plaintiff was entitled to proceed with this action – which he is not as discussed below – then the Court would be required to extend

9

the time for service as directed by Rule 4(m). Therefore, the Court will deny the motion to dismiss under Rules 12(b)(2), 12(b)(4) and 12(b)(5).

### B.    Plaintiff's Constitutional Claims (Rule 12(b)(6))

#### 1.    Fourth Amendment Claim

Defendant contends that Plaintiff's claim for violation of his Fourth Amendment rights fails to state a claim upon which relief may be granted because the existence of a valid warrant based on probable cause defeats his claims as a matter of law. The Court agrees. To state a § 1983 claim for a Fourth Amendment violation, Plaintiff must (1) allege facts sufficient to demonstrate "a legitimate expectation of privacy in the place searched or the item seized," *United States v. Simons*, 206 F.3d 392, 398 (4th Cir. 2000), and (2) that Captain Fletcher's "conduct amounted to a violation of the Fourth Amendment," i.e., that the search/seizure was not "reasonable." *Doe v. Broderick*, 225 F.3d 440, 451 (4th Cir. 2000).

Here, the reasonableness of the search is established as a matter of law because Captain Fletcher's actions were taken pursuant to the execution of a facially valid warrant. *See Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) ("Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'") (citing *United States v. Leon,* 468 U.S. 897, 922–923 (1984). In the context of the judicially noticed warrant, Plaintiff's inaccurate allegations of a "warrantless" search and seizure cannot sustain his Fourth Amendment claim. Further, while Plaintiff does not challenge the grounds for the execution of the warrant, but instead denies that a warrant was ever executed, Plaintiff's FAC confirms that probable cause

10

existed for the execution of the warrant, based on the neighbor's report to police that Plaintiff, a convicted felon, was in possession of a firearm. Doc. No. 26 at p. 4, ln. 1-2.

Finally, Plaintiff's conclusory allegations that Captain Fletcher conducted "additional warrantless searches" on "multiple occasions" (although the only date actually identified is May 10, 2022) similarly fails to establish a viable Fourth Amendment claim. While a search must generally be supported by a warrant issued upon probable cause, "neither a warrant nor probable cause, nor, indeed, any measure of individualized suspicion, is an indispensable component of reasonableness in every circumstance." *Nat'l Treasury Emps. Union v. Von Raab*, 489 U.S. 656, 665 (1989) (internal citations omitted). Thus, whether a particular search is reasonable under the Fourth Amendment is determined by balancing the "intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *Skinner v. Ry. Labor Execs. Ass'n*, 489 U.S. 602, 619 (1989) (quoting *Delaware v. Prouse*, 440 U.S. 648, 654 (1979)). Plaintiff's FAC contains insufficient factual allegations for the Court to find plausible that it was unreasonable for Captain Fletcher to conduct the alleged search on May 10, 2022, the only specific date identified. In particular, given the ongoing criminal investigation into Plaintiff, he makes no allegations demonstrating that it was unreasonable for Captain Fletcher to come to his business on the day in question to search for "specific evidence." Therefore, the Court will dismiss Plaintiff's claim under Fed. R. Civ. P. 12(b)(6) for violation of the Fourth Amendment.

    2. <u>Fifth Amendment Claim</u>

Plaintiff also asserts claims against Defendant Fletcher under the Fifth Amendment. Pursuant to *Miranda v. Arizona*, a person must be advised of their Fifth Amendment rights when

11

they are subjected to "custodial interrogations." 384 U.S. 436, 444 (1966); *see also United States v. Azua-Rinconada*, 914 F.3d 319, 325 (4th Cir. 2019). However, "[t]his requirement does not apply to all questioning, only to interrogations that are 'custodial.'" *United States v. Arce*, 49 F.4th 382, 389 (4th Cir. 2022) (quoting *Miranda*, 384 U.S. at 444). Whether an individual is "in custody" for *Miranda* purposes turns on whether, under the totality of the circumstances, the "suspect's freedom of action is curtailed to a degree associated with formal arrest." *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984) (internal quotations omitted); *see also United States v. Parker*, 262 F.3d 415, 419 (4th Cir. 2001). Also, this privilege "protects a person only against being incriminated by his own compelled testimonial communications." *Doe v. United States*, 487 U.S. 201, 207 (1988) (citations omitted) (internal quotation marks omitted). As the Supreme Court held in *Chavez v. Martinez*, "[s]tatements compelled by police interrogations of course may not be used against a defendant at trial, but it is not until their use in a criminal case that a violation of the Self-incrimination Clause occurs." 538 U.S. 760, 767 (2003).

Plaintiff's FAC makes clear that he was not arrested on July 7, 2021, Doc. No. 26, p. 4, ln. 25-26, and there is no allegation that he was ever "compelled in any criminal case to be a witness against himself," as required to plead a cognizable Fifth Amendment violation. *Chavez*, 538 U.S. at 766*; see also Hopper v. Salazar,* No. 321CV00636FDWDSC, 2022 WL 17722403, at *7 (W.D.N.C. Dec. 15, 2022), *appeal dismissed*, No. 23-1050, 2023 WL 4554550 (4th Cir. Mar. 29, 2023) (Fifth Amendment claim dismissed where plaintiff failed "to sufficiently allege he was 'in custody'" during interview at the District Attorney's office, failed "to identify any self-incriminating testimony given during interview," and failed to "allege any trial action that violated his Fifth Amendment rights."); *Burrell v. Virginia*, 395 F.3d 508, 514 (4th

12

Cir. 2005) (dismissing plaintiff's § 1983 claim where complaint failed to plead that plaintiff's statements were used in a court proceeding).

Therefore, as with his Fourth Amendment claim, Plaintiff has not sufficiently pled facts from which the Court can conclude that his claims under the Fifth Amendment are plausible and state a viable claim. Accordingly, it will also be dismissed.

### 3. Fourteenth Amendment Claim

Plaintiff's final constitutional claim is under the Fourteenth Amendment. Before a person is arrested, the Fourth Amendment prohibits police from using unlawful conduct "in the course of making an arrest, investigatory stop, or other seizure of his person." *See Graham v. Connor*, 490 U.S. 386, 388 (1989); *Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003). After an arrest, while a person is awaiting an adjudication of guilt as a "pretrial detainee," the Fourteenth Amendment prohibits police from engaging in conduct "that amounts to punishment." *Kingsley v. Hendrickson,* 576 U.S. 389, 397-98 (2015) (quoting *Graham,* 490 U.S. at 395 n.10). Here, again, Plaintiff denies that he was arrested during Captain Fletcher's alleged wrongful conduct so the Fourteenth Amendment is not applicable to these circumstances. *See* Doc. No. 26, p. 4, ln. 25-26; p. 16, ln. 12-13.

Still, Plaintiff contends that Defendant Fletcher violated the Fourteenth Amendment by depriving him of liberty without due process on various occasions between 2021 and 2022. *Id*. at pp. 13-15. This claim, like his Fourth Amendment claim, is based, at least in part, on Plaintiff's demonstrably inaccurate allegation that Defendant entered his property without a warrant and unlawfully seized his personal property. Doc. No. 26, p. 13, ln. 17-28; p. 14, ln. 1-6. As explained above, the warrant under which Defendants searched and seized items from Plaintiff's

13

property provides probable cause that defeats Plaintiff's constitutional claims. Moreover, Plaintiff's non-specific allegations of a "violation of equal protection" and "infringement on fundamental rights," are equally deficient and subject to dismissal. *See Smith v. Travelpiece*, 31 F.4th 878, 885 (4th Cir. 2022) ("[d]ressing a Fourth Amendment claim up in due process language does not transform it into a Fourteenth Amendment claim.").

The Fourteenth Amendment's Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A claim for a Fourteenth amendment equal protection violation must plead facts sufficient to show "that [plaintiff] has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Fauconier v. Clarke*, 966 F.3d 265, 277 (4th Cir. 2020). In this claim, Plaintiff apparently relies on his assertion that Captain Fletcher made "racially charged comments and suggestions that Plaintiff should leave town." Doc. No. 26, p. 14, ln. 7-10. More specifically, Plaintiff alleges that Captain Fletcher stated that "certain businesses, implicitly including Plaintiff's, should move elsewhere" *Id.* at p. 7, ln. 11-14. This fails to demonstrate how Plaintiff was treated differently from others with whom he is similarly situated or that the alleged unequal treatment was due to intentional discrimination. Even taken as true, this statement concerning types of businesses (martial arts studios) does not necessarily reflect any racial bias or motivation without more facts than are pled here. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

Finally, Plaintiff's alleged due process claim for "infringement on fundamental rights" also fails to state a claim. To recover for a violation of substantive due process, plaintiffs must "demonstrate (1) that they had property or a property interest; (2) that the state deprived them of

14

this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency." *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 281 (4th Cir. 2008). Indeed, Plaintiff must show that Captain Fletcher's behavior was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Dean ex rel. Harkness v. MicKinney,* 976 F.3d 407, 413 (4th Cir. 2020) (internal citation omitted). "To be conscience shocking, a defendant's behavior must lack 'any reasonable justification in the service of a legitimate governmental objective.'" *Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 177 (4th Cir. 2023) (internal citation omitted). Beyond his conclusory allegations that he has met this high bar, Plaintiff has not alleged any specific facts that plausibly "shock the conscience." Rather, Plaintiff alleges only Defendant Fletcher's unspecified "actions infringed upon Plaintiff's fundamental rights." Doc. No. 26, p. 14, ln. 11-14; *see Young v. City of Mount Ranier,* 238 F.3d 567, 577 (4th Cir. 2001). Therefore, the Court finds that Plaintiff's Fourteenth Amendment claim cannot properly proceed.

### 4. Qualified Immunity on all Constitutional Claims

All of Plaintiff's constitutional claims also fail on the grounds that Captain Fletcher is entitled to the qualified immunity which "protects police officers and public officials from claims of constitutional violations 'for reasonable mistakes as to the legality of their actions.'" *Merchant v. Bauer,* 677 F.3d 656, 661 (4th Cir. 2012) (*quoting Saucier v. Katz,* 533 U.S. 194, 206 (2001)). As discussed above, Plaintiff has not shown that Fletcher's conduct violates clearly established law or that a reasonable officer would have understood Captain Fletcher's actions as unlawful. There is no clearly established right to be free from a search supported by a warrant, to receive *Miranda* rights for questioning in these circumstances or to be free from searches or seizures

15

supported by probable cause and/or consent. Also, even if Plaintiff could establish a lack of probable cause, which he cannot, Captain Fletcher would still be entitled to qualified immunity if he "reasonably but mistakenly concluded that probable cause was present" to support his actions. *See District of Columbia v. Wesby*, 583 U.S. 48, 65 (2018) (citing *Anderson v. Creighton*, 483 U.S. 635, 636 (1987)).

Therefore, all of Plaintiff's constitutional claims are subject to dismissal based on Captain Fletcher's qualified immunity.

### C. Plaintiff's Other Claims (Rule 12(b)(1))

In addition to his federal claims, Plaintiff asserts state law claims for false arrest/imprisonment and intentional infliction of emotional distress. While the Court has subject matter jurisdiction over Plaintiff's federal claims, there are no independent grounds of jurisdiction over Plaintiff's state law claims. Thus, the Court may decline to exercise supplemental jurisdiction over those claims, *see* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012); *Mann v. Power Home Solar, LLC*, No. 521CV00166KDBDSC, 2022 WL 602196, at *2 (W.D.N.C. Feb. 28, 2022), and in the exercise of its discretion, will do so here. Accordingly, Plaintiff's state law claims will be dismissed without prejudice under Fed. R. Civ. P. 12(b)(1).

16

Case 5:23-cv-00197-KDB-DCK Document 44 Filed 12/02/24 Page 16 of 17

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 30) is **GRANTED;** and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 2, 2024

Kenneth D. Bell
United States District Judge